Assuming that, by the contract, the plaintiffs were bound to give security for the payment of the purchase money of the grain before any part was delivered, the defendant had waived the security so far as the rye was concerned, which was all paid for. Then, the price having advanced on corn and oats, and the defendant having been overpaid on the rye delivered, the plaintiffs offered, among other things, to give security for the payment of the corn and oats. The defendant refused to receive the security, or to deliver any *Page 466 
more of the grain. This refusal relieved the plaintiffs from any obligation to tender the security formally, as that would then have been an idle ceremony. The conduct of the defendant, in delivering the rye without security and afterwards receiving the pay for it without objection, was calculated to throw the plaintiffs off their guard, and to lead them to suppose that the corn and oats would be delivered in like manner; and on the first intimation afterwards that the defendant made a point of having security, they offered to give it, and we are to assume that they were ready to do so, and would immediately have given it in pursuance of this offer, if the defendant had not then put himself upon the ground that the plaintiffs had forfeited their right to demand the delivery of any more grain.
For these reasons, I think the judgment of the Supreme Court should be reversed, and a new trial granted.
All the judges concurred; COMSTOCK, Ch. J., and WRIGHT, J., however, only in the result.
Judgment reversed, and new trial ordered.